**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | |
|---|---|
| **TRACEY RUSSELL** | **PLAINTIFF** |
| **V.** | **NO. 4:25-CV-13-DMB-DAS** |
| **CITY OF MOORHEAD, MISSISSIPPI** | **DEFENDANT** |

# ORDER

Tracey Russell seeks a default judgment against the City of Moorhead on her Title VII retaliation claim and breach of contract claim. Because Russell's complaint does not establish a sufficient basis for a default judgment on the Title VII retaliation claim, and because the Court declines to exercise supplemental jurisdiction over the breach of contract claim, no default judgment will be entered and this case will be dismissed.

## I
## Procedural History

On January 28, 2025, Tracey Russell filed a "Complaint to Enforce Settlement Agreement, for Retaliation, and for Declaratory Relief" in the United States District Court for the Northern District of Mississippi against the City of Moorhead, Mississippi, alleging that the City did not comply with the settlement agreement they reached during a mediation sponsored by the Equal Employment Opportunity Commission. Doc. #1. The complaint contains three "causes of action"—"Count I: Breach of Contract," "Count II: Retaliation," and "Count III: Declaratory Relief." *Id.* at 3–5. Russell seeks a judgment against the City for "$2,500.00, representing the unpaid settlement payment;" "compensatory damages for emotional distress;" "punitive damages for bad faith breach of contract under Mississippi law;" "pre-judgment and post-judgment interest;" and "reasonable attorney's fees and costs." *Id.* at 6. Russell also requests that the Court

"order [the City] to specifically perform all non-monetary obligations under the Agreement;" "[i]ssue a declaratory judgment that the settlement agreement is valid and enforceable, that [the City] has materially breached the agreement, and that [she] is entitled to enforce its terms;" "[e]njoin [the City] from further retaliation against [her];" and "[g]rant such other and further relief as the Cout deems just and proper." *Id.*

On Russell's motion, the Clerk of the Court entered a default against the City on February 25, 2025. Docs. #4, #5. On September 5, 2025, Russell filed a motion for a default judgment. Doc. #14.[1] The City did not respond to the motion.

## II
## Discussion

Pursuant to Federal Rule of Civil Procedure 55, a default may be entered "against a party when it 'has failed to plead or otherwise defend' itself." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (quoting FED. R. CIV. P. 55(a)). However, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default," *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996), because "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations," *Sun Bank*, 874 F.2d at 276 (footnote omitted). "Generally, the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

The three steps to obtaining a default judgment are (1) default by the defendant, (2) clerk's entry of default, and (3) entry of default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The first two steps have been satisfied here. So, the only issue left to consider is

[1] The motion is titled, "Plaintiff's *Amended* Motion for Default Judgment." Doc. #14 at 1 (emphasis added). Russell initially moved for a default judgment on June 9, 2025, but on July 8, 2025, the Court denied that motion without prejudice because it was not accompanied by a memorandum brief in violation of Local Civil Rule 7(b)(4). Doc. #7.

whether default judgment should be entered. In making that determination, the Court conducts a three-question analysis: (1) "whether the entry of default judgment is procedurally warranted;" (2) "whether there is a sufficient basis in the pleadings for the judgment;" and (3) "what form of relief, if any, the plaintiff should receive." *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015).

**A. Procedurally Warranted**

In determining whether a default judgment is procedurally warranted, a court should consider (1) "whether material issues of fact are at issue;" (2) "whether there has been substantial prejudice;" (3) "whether the grounds for default are clearly established;" (4) "whether the default was caused by a good faith mistake or excusable neglect;" (5) "the harshness of a default judgment;" and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

First, where, as here, a party fails to respond to or answer the complaint, there are no material issues of fact at issue. *See Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 753 (N.D. Tex. 2020) ("[B]ecause Eltman has not filed any responsive pleading, there are no material facts in dispute."). Second, the City's failure to respond causes prejudice to Russell because it "threatens to bring the adversary process to a halt." *Id.* Third, as mentioned above, the grounds for default (default by the City and entry of default by the Clerk of the Court) have been clearly established. Fourth, there is no evidence before the Court that the "default was caused by a good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, the City has not attempted to set aside the default since it was entered over a year ago. *See Helena Chem. Co. v. Aylward*, No. 4:15-cv-96, 2016 WL 1611121, at *2 (N.D. Miss. Apr. 21, 2016) ("[W]hile default judgment is a harsh remedy, any harness is mitigated where, as here, the defendant has had substantial time to correct the

default."). Finally, if the City later seeks to challenge the default, the Court is unaware of any facts that would obligate it to set aside the default. *Lindsey*, 161 F.3d at 893. For all these reasons, a default judgment is procedurally warranted here.

**B. Sufficient Basis in Pleadings**

"Even when a defendant is in default, a plaintiff is not 'entitled to default judgment as a matter of right.'" *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "[A] court may still deny default judgment if the plaintiff has failed to state a claim on which relief can be granted." *Id.* at 493. The complaint's factual allegations must "be enough to raise a right to relief above the speculative level." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). "[T]he district court takes as true the facts asserted by a plaintiff against a defaulting defendant" because "[t]he defendant, by his default, admits the plaintiff's wellpleaded allegations of fact." *Escalante*, 34 F.4th at 492 (quoting *Nishimatsu Constr. Co. v. Hou. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *Wooten*, 788 F.3d at 496 (quoting *Nishimatsu Constr. Co.*, 515 F.2d at 1206).

**1. Factual allegations**

Tracey Russell filed a Charge of Discrimination against the City of Moorhead, Mississippi, with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII. Doc. #1 at 2. On or about July 15, 2024, Russell and the City participated in EEOC-sponsored mediation regarding her discrimination claims against the City. *Id.* During the mediation, the parties reached a settlement agreement ("Agreement") that included both monetary and non-monetary relief. *Id.* Pursuant to the Agreement, the City agreed to pay Russell $2,500.00 within

fourteen business days of the Agreement's execution; accept Russell's written resignation letter retroactively backdated August 21, 2023; and provide Russell neutral job references through the City's Human Resources Department. *Id.* The Agreement was fully executed by all parties.[2] *Id.* at 3. The City has refused to honor the terms of the Agreement. *Id.* As a result, Russell filed a second Charge of Discrimination with the EEOC alleging retaliation in violation of Title VII on October 26, 2024. *Id.*; Doc. #1-2.

**2. Title VII retaliation claim**

Russell's retaliation claim alleges the City violated Title VII because "[she] engaged in protected activity under Title VII by … [f]iling her initial EEOC Charge[, p]articipating in EEOC-sponsored mediation[, and e]ntering into a settlement agreement to resolve her Title VII claims;" "[the City's] refusal to honor the settlement agreement constitutes an adverse action[;]" and "[t]here exists a causal connection between [her] protected activity and [the City's] adverse action." Doc. #1 at 4–5.

"To establish a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) she engaged in activity protected under the statute, (2) her employer took an adverse employment action against her, and (3) a causal connection exists between the protected activity and the adverse action." *Lewis v. Bd. of Supervisors of La. State Univ.*, 134 F.4th 286, 295 (5th Cir. 2025) (citing *Feist v. La. Dep't of Just.*, 730 F.3d 450, 454 (5th Cir. 2013). "Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII."

[2] The complaint references "Exhibit A" for "[a] copy of the Mediation Settlement Agreement." Doc. #1 at 2. Though Exhibit A to the complaint is titled, "Mediation Settlement Agreement," it is executed only by Russell. Doc. #1-1 at PageID 8, 10. However, Russell attached to her motion her own declaration which includes as an exhibit a fully executed copy of the Agreement. Doc. #14-1 at PageID 82–84. *See Wooten*, 788 F.3d at 498 (allowing evidence for "the limited purpose of 'establish[ing] the truth of [the] allegation[s]," citing Rule 55(b)(2)(C)).

*Id.* (quoting *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003). An adverse employment action is one that "well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)); *Johnson v. Halstead*, 916 F.3d 410, 419–420 (5th Cir. 2019) (quoting *Burlington N.*, 548 U.S. at 68). The causal connection element can be satisfied by showing "[c]lose timing between an employee's protected activity and an adverse action against him." *Feist*, 730 F.3d at 454 (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 562 (5th Cir. 2007)).

Russell argues that she satisfies the protected activity element "by filing [her] EEOC Charge … and participating in the EEOC's mediation process." Doc. #15 at 4. The Court agrees. *See Lewis*, 134 F.4th at 295 ("The filing of an EEOC charge constitutes protected activity.").

However, without citation to any authority, Russell argues that the City's conduct satisfies the adverse employment action element because "[t]he material breach of settlement terms directly harmed [her] financially and emotionally while undermining the EEOC process and effectively nullifying her participation in mediation;" "[t]he failure to provide neutral references materially harms [her] employment prospects;" and "[t]his pattern of bad faith conduct sends the message that filing an EEOC Charge of Discrimination may be futile and would dissuade reasonable employees from engaging with the EEOC process." Doc. #15 at 5. In the absence of Russell offering any authority holding that such conduct rises to the level of an adverse employment action[3] and because, regardless, such alleged actions by the City, if anything, indicate only a breach

[3] *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021) ("A party may forfeit an argument through inadequate briefing in several ways, such as by failing to 'offer any … citation to authority[.]'") (quoting *JTB Tools & Oilfield Servs., L.L.C. v. United States*, 831 F.3d 597, 601 (5th Cir. 2016)); *JTB Tools*, 831 F.3d at 601 (not "offer[ing] any supporting argument or citation to authority" or not "identify[ing] relevant legal standards and any relevant Fifth Circuit cases" constitutes failure to adequately brief argument); *see also Norris v. Causey*, 869 F.3d 360, 373 n.10 (5th Cir. 2017) (party forfeits argument by failing to adequately brief it).

of contract,[4] Russell has not established an adverse employment action. Consequently, Russell's complaint fails to establish a prima facie case of Title VII retaliation, without which she cannot maintain a valid Title VII retaliation claim. *See Brandon v. Sage Corp.*, 808 F.3d 266, 271–72 (5th Cir. 2015) ("Because we conclude that a reasonable employee in a supervisory position would not have been dissuaded [from making or supporting a discrimination charge], no adverse employment action occurred. Consequently, Brandon fails to create a fact issue as to the second element of her *prima facie* case – a failure fatal to her claim.") (footnote omitted).

**3. Breach of contract claim**

Russell invoked this Court's subject matter jurisdiction "pursuant to 28 U.S.C. § 1331" as to her Title VII retaliation claim, and "28 U.S.C. § 1367 for the supplemental state law claims." Doc. #1 at 1–2. Since the Court concluded above that the allegations in Russell's complaint do not support her Title VII retaliation claim, the Court lacks subject matter jurisdiction over that claim under 28 U.S.C. § 1331, and it is properly dismissed. *See Eytalis v. Texas Ass'n of Realtors*, No. 25-10970, 2026 WL 2656636, at *1 (5th Cir. Sept. 9, 2026) (affirming dismissal of Clayton Act claim because "[t]he conclusory facts alleged in Eytalis's Third Amended Complaint are insufficient to state an antitrust injury."). And because the factual allegations underlying Russell's state law breach of contract claim are the same as those for her dismissed Title VII claim, the Court declines to exercise supplemental jurisdiction over her breach of contract claim. 28 U.S.C. § 1367(c)(3); *see Eytalis*, 2026 WL 2656636, at *1 ("Given that Eytalis's federal claims were properly dismissed, she has not shown that the district court abused its wide discretion by declining to exercise supplemental jurisdiction over her remaining state law claims.").

[4] *See Charles v. McHugh*, 613 F. App'x 330, 333 (5th Cir. 2015) (recognizing that in *Patterson v. Spellings*, 249 F. App'x 993, 996 (5th Cir. 2015), where "a federal employee … alleg[ed] the Department of Education breached the terms of a settlement agreement reached between the parties to resolve the employee's Title VII claims[, it] held that … her claim was a contract claim for breach of the settlement agreement, not a Title VII claim.").

### C. Summary

No default judgment on Russell's claims will be granted,[5] Russell's Title VII claim will be dismissed for lack of subject matter jurisdiction, and Russell's breach of contract claim will be dismissed because the Court will not address it under supplemental jurisdiction.

## III
## Conclusion

Russell's motion for default judgment [14] is **DENIED**. Russell's Title VII retaliation claim and her breach of contract claim are **DISMISSED without prejudice**.

**SO ORDERED**, this 28th day of September, 2026.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

[5] The Court need not address Russell's "Count III: Declaratory Relief" or her request for "a declaratory judgment that the settlement agreement is valid and enforceable." Doc. #1 at 5, 6. Despite its characterization in the complaint as a cause of action, declaratory relief is a type of remedy. *See Val-Com Acquisitions Trust v. CitiMortgage, Inc.*, 421 F. App'x 398, 401 (5th Cir. 2011) ("[A] declaratory judgment is merely a form of relief that the court may grant."). Regardless, Russell is not entitled to any relief for the reasons explained in this order. Even if she was, declaratory relief would not be granted due to Russell's failure to brief it in her memorandum.